IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC. and<br>UNILOC LUXEMBOURG, S.A.,<br><br>Plaintiffs,<br><br>v.<br><br>NEXON AMERICA, INC.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 2:17-cv-0276<br><br><br><br>PATENT CASE<br><br><br>JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), for their complaint against defendant, Nexon America, Inc. ("Nexon"), allege as follows:

**THE PARTIES**

1. Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024. Uniloc USA also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2. Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3. Upon information and belief, Nexon America, Inc. is a Delaware corporation having a place of business in 222 N. Sepulveda Blvd., Suite 300, El Segundo, CA 90245 and offering its products and/or services, including those accused herein of infringement, for purchase or download to customers and/or potential customers located in Texas and in the judicial Eastern District of Texas. Nexon America, Inc. may be served with process through its registered agent:

Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.

## JURISDICTION AND VENUE

4. Uniloc USA and Uniloc Luxembourg (collectively, "Uniloc") bring this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). This Court has personal jurisdiction over Nexon, in part, because Nexon provides infringing online services to subscribers who reside in this district. Upon information and belief, Nexon is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, and/or has purposely transacted business involving the accused products and/or services in Texas and this judicial district.

6. Nexon is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial presence and business in this State and judicial district, including: (A) at least part of its past infringing activities, (B) regularly doing and/or soliciting business in Texas and/or (C) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 6,110,228)

7. Uniloc incorporates the paragraphs above by reference.

8. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,110,228 ("the '228 Patent"), entitled METHOD AND APPARATUS FOR SOFTWARE MAINTENANCE AT REMOTE NODES that issued on August 29, 2000. A true and correct copy of the '228 Patent is attached as Exhibit A hereto.

9. Uniloc USA is the exclusive licensee of the '228 Patent with ownership of all

substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

10. Nexon provides a platform called "Nexon Launcher," which includes client software and server software that services such client software.

11. Upon information and belief, the following describes, at least in part, how certain aspects of Nexon's platform:



**Source**: https://games.nexon.net/nexonlauncher



**Source**: https://aws.amazon.com/solutions/case-studies/nexon/

12. Using the Nexon Launcher, a user not only can download a new game, but can also receive updates – either automatically or manually.  Such updates are contemplated by the user

agreement.



**Source**:  product testing

       13.      The following is an example of adding a game to the Nexon Launcher library.  A user may select "Play Now":



**Source**: product testing

14. If the game is not in the Nexon Launcher library, a user is prompted to download files. The user is also prompted for a download location for the game, as well as whether a start menu or desktop shortcut should be created.



**Source**:  product testing

15. The files for the game begin to download with transfer details provided along with the ability to stop and pause the download:



**Source**:  product testing

6

16. In downloading and/or updating, Nexon contacts multiple different remote servers. Non-limiting examples are shown in the screen shots below:





17. If a user were to pause the transfer of file, he or she would be given the option to resume:



**Source**: product testing

       18.     A game setting icon gives a user the ability to select whether automatic updates are allowed:





**Source**: product testing

    19.     The following is an example view of a manual update



**Source**: product testing

9



**Source**: product testing

20. Nexon uses versioning to determine what software components have been loaded.

21. Nexon has directly infringed, and continues to directly infringe one or more claims of the '228 Patent, including at least Claim 1, in this judicial district and elsewhere in Texas, literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the Nexon system during the pendency of the '228 Patent which software and associated backend server architecture *inter alia* allow for receiving users' requests for service (for example, upgrades), determining the service requested (for example, provide an upgrade), and providing the upgrade to the user in response to the request received by Nexon from the remote user location.

22. In addition, should the Nexon platform be found to not literally infringe one or more claims of the '228 Patent, the Nexon platform would nevertheless infringe one or more

claims of the '228 Patent, including at least Claim 1. More specifically, the Nexon platform performs substantially the same function (providing a service to a remote user location), in substantially the same way (via a request for service from the user's remote device), to yield substantially the same result (allowing a user to receive a service, such as an upgrade to an installed Nexon application). Nexon would thus be liable for direct infringement under the doctrine of equivalents.

23. Nexon has indirectly infringed and continues to indirectly infringe one or more claims of the '228 Patent, including at least Claim 1, in this judicial district and elsewhere in Texas by, among other things, actively inducing the using, offering for sale, selling, or importing the Nexon platform. Nexon's customers who use the Nexon platform in accordance with Nexon's instructions directly infringe one or more of the foregoing claims of the '228 Patent in violation of 35 U.S.C. § 271. Nexon directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides such as those located at Nexon.com. Nexon is thereby liable for infringement of the '228 Patent under 35 U.S.C. § 271(b).

24. Nexon has indirectly infringed and continues to indirectly infringe one or more claims of the '228 Patent, including at least claim 1, in this judicial district and elsewhere in the Texas by, among other things, contributing to the direct infringement by others including, without limitation customers using the Nexon platform, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '228 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

25. For example, the Nexon software is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the Nexon portal is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use. Nexon is, therefore, liable for infringement under 35 U.S.C § 271(c).

26. Nexon will have been on notice of the '228 Patent since, at the latest, the service of this complaint upon Nexon. By the time of trial, Nexon will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims of the '228 Patent.

27. Nexon may have infringed the '228 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the Nexon platform. Uniloc reserves the right to discover and pursue all such additional infringing software.

**COUNT II**
(INFRINGEMENT OF U.S. PATENT NO. 6,564,229)

28. Uniloc incorporates the paragraphs above by reference.

29. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,564,229 ("the '229 Patent"), entitled SYSTEM AND METHOD FOR PAUSING AND RESUMING MOVE/COPY OPERATIONS, issued May 13, 2003. A copy of the '229 Patent is attached as Exhibit B.

30. Uniloc USA is the exclusive licensee of the '229 Patent, with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for infringement.

31. Nexon has infringed, and continues to infringe one or more claims of the '229 Patent, including at least Claim 1, in this district and elsewhere in Texas during the pendency of

the '229 Patent, including by making, using, importing, offering for sale and/or selling the Nexon platform which software and associated backend server architecture, *inter alia*, allow for writing a first portion of a data file, such as a game, to a file on the user's computer; pausing the download using a "Pause" button during which pause the user's computer is available for other processing operations; and resuming the download by using a "resume" button, thereby allowing a second portion of the game to be downloaded and written to a file on the user's computer.

32.   In addition, should the Nexon platform be found to not literally infringe one or more claims of the '229 Patent, the Nexon platform would nevertheless infringe one or more claims of the '229 Patent, including at least Claim 1. More specifically, the accused Nexon platform performs substantially the same function (copying data from a source file to a target file on a user's computer), in substantially the same way (via a pause and resume operation), to yield substantially the same result (allowing a user to perform other operations during the pause). Nexon would thus be liable for direct infringement under the doctrine of equivalents.

33.   Nexon has indirectly infringed and continues to indirectly infringe one or more claims of the '229 Patent, including at least claim 1, in this judicial district and elsewhere in Texas by, among other things, actively inducing the using, offering for sale, selling, or importing the Nexon portal. Nexon's customers who use the Nexon platform in accordance with Nexon's instructions directly infringe one or more of the foregoing claims of the '229 Patent in violation of 35 U.S.C. § 271. Nexon directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides such as those located at Nexon.com. Nexon is thereby liable for infringement of the '229 Patent under 35 U.S.C. § 271(b).

34.   Nexon has indirectly infringed and continues to indirectly infringe one or more claims of the '229 Patent, including at least claim 1, in this judicial district and elsewhere in the

Texas by, among other things, contributing to the direct infringement by others including, without limitation customers using the Nexon platform, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '229 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

35.  For example, the Nexon platform is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the Nexon platform is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use. Nexon is, therefore, liable for infringement under 35 U.S.C § 271(c).

36.  Nexon will have been on notice of the '229 Patent since, at the latest, the service of this complaint upon Nexon. By the time of trial, Nexon will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims of the '229 Patent.

37.  Nexon may have infringed the '229 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the Nexon platform. Uniloc reserves the right to discover and pursue all such additional infringing software.

**PRAYER FOR RELIEF**

Uniloc requests that the Court enter judgment against Nexon as follows:

(A)  declaring that Nexon has infringed the '228 Patent and the '229 Patent;

(B)  awarding Uniloc its damages suffered as a result of Nexon's infringement of the '228 Patent and '229 Patent;

(C) enjoining Nexon, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, and parents, and all others acting in concert or privity with it from infringing the '228 Patent and '229 Patent;

(D) awarding Uniloc its costs, attorneys' fees, expenses, and interest, and

(E) granting Uniloc such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: April 6, 2017 Respectfully submitted,

<u>*/s/ James L. Etheridge*</u>

James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Brett A. Mangrum
Texas State Bar No. 24065671
Travis L. Richins
Texas State Bar No. 24061296
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com

***Counsel for Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg S.A.***